# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    **v.**                                                      **Case No. 17-CR-191**

**STEPHEN LEWIS, and**
**DEMETRA HINKLE,**

    **Defendants.**

---

## ORDER ON DEFENDANTS' MOTIONS FOR EARLY DISCLOSURE OF CERTAIN EVIDENCE, EARLY DISCLOSURE OF SUMMARY EVIDENCE, AND FOR A *SANTIAGO* PROFFER

---

On April 10, 2018, a grand jury sitting in the Eastern District of Wisconsin returned a seven count superseding indictment against Stephen Lewis, Theresa Lewis, and Demetra Hinkle. (Docket # 37.) Lewis and Hinkle have been charged with various drug trafficking and firearm offenses, including conspiracy to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; possession of firearms during and in relation to the cocaine trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being felons in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lewis and Hinkle were arraigned on the charges and entered pleas of not guilty. This case has been designated as complex and jury trial before the Honorable Pamela Pepper will be scheduled after resolution of pretrial motions.

Currently before me are six pretrial motions. Lewis has filed a motion for early disclosure of certain evidence (Docket # 49), a motion for early disclosure of summary

evidence (Docket # 50), and a motion for a *Santiago* proffer (Docket # 51). Hinkle has similarly filed a motion for early disclosure of certain evidence (Docket # 46), a motion for early disclosure of summary evidence (Docket # 47), and a motion for a *Santiago* proffer (Docket # 48).

The government opposes the motions for early disclosure of summary evidence and for early disclosure of certain evidence in part, and opposes the motions for a *Santiago* proffer. (Docket # 55.) Neither defendant filed a reply to the government's response. Thus, the motions are now fully briefed and are ready for resolution. For the reasons explained below, it is ordered that the defendants' motions for early disclosure of summary evidence and for early disclosure of certain evidence are granted in part and denied in part. It is further ordered that I will defer ruling on the defendants' motions for a *Santiago* proffer.

## ANALYSIS

*Motions for Early Disclosure of Certain Evidence (Docket # 46 and Docket # 49)*

Both Lewis and Hinkle move for an order requiring the government to disclose, at least 60 days before trial: (1) a written summary of the nature of any expert witnesses' opinions, the bases for these opinions, and the witnesses' qualifications, as required by Fed. R. Crim. P. 16(a)(1)(G); and (2) any uncharged misconduct evidence that the government intends to use at trial, as required by Fed. R. Evid. 404(b).

The government opposes the defendants' motions in part. The government proffers that it anticipates calling three expert witnesses at trial. (Docket # 55 at 2.) The government states that it has already provided the Rule 16(a)(1)(G) summaries as to two of the experts and will produce the report of the third expert the week of July 23, 2018. (*Id.*) The government states that it will disclose the curriculum vitae of the three expert witnesses and

the Rule 16(a)(1)(G) expert disclosures of any additional expert witnesses 30 days prior to trial. (*Id.* at 3.) The government also requests that the defendants be obligated to make their expert disclosures 15 days prior to trial, as opposed to the usual 5 days provided for in Crim. L.R. 16(a)(4) (E.D. Wis.), due to the complexity of this case.

The government further states that it does not anticipate presenting any Rule 404(b) evidence during its case-in-chief; however, the government agrees to file its notice of intent to introduce evidence pursuant to Rule 404(b) 30 days prior to trial. The government argues that the defendants have failed to explain how or why they need the Rule 404(b) notice at least 60 days before trial.

Beyond the assertion that the case has been designated as complex, the defendants fail to explain why 60 days as opposed to 30 days is necessary. Further, the government has provided the defendants the Rule 16(a)(1)(G) information of the expert witnesses it plans on calling at trial and does not intend to present any Rule 404(b) evidence during its case-in-chief. For this reason, the defendants' motions are granted in part and denied in part. The government will disclose the curriculum vitae of the three expert witnesses and any additional expert witnesses 30 days prior to trial and will file its notice of intent to introduce evidence pursuant to Rule 404(b) 30 days prior to trial. The defendants have not objected to the government's request to make their expert disclosures 15 days prior to trial; thus, the defendants are ordered to make their expert disclosures 15 days prior to trial.

*Motions for Early Disclosure of Summary Evidence (Docket # 47 and Docket # 50)*

Both Lewis and Hinkle move for an order requiring the government to produce, at least 60 days prior to trial, the contents of any summary documents or exhibits pursuant to Fed. R. Evid. 1006. The government objects, in part, to the defendants' motions. The

government states that it is not aware of any summaries that it will present in its case-in-chief against Lewis or Hinkle; however, to the extent the government decides to prepare summaries, it states that it will disclose those summary exhibits 14 days prior to trial. The defendants have not objected to the government's proposal. Rule 1006 requires that a party seeking to introduce a summary of voluminous records provide copies of those records to the opposing party at a reasonable time and place. Fed. R. Evid. 1006. A reasonable time and place is understood to be "such that the opposing party has adequate time to examine the records to check the accuracy of the summary." *United States v. Isaacs*, 593 F.3d 517, 527 (7th Cir. 2010) (internal quotation and citation omitted). Beyond asserting that the case is complex, the defendants have not shown that it is necessary to produce any summary exhibits 60 days prior to trial. *See id.* (finding government complied with Rule 1006 by producing underlying documents 3 days before trial; especially considering the fact the defendants had already received the underlying documents in discovery 15 months prior). For these reasons, the defendants' motions are granted in part and denied in part. The government is ordered to produce any summary exhibits 14 days prior to trial.

*Motions for Santiago Proffer (Docket # 48 and Docket # 51)*

Lewis and Hinkle also request an order requiring the government to file a *Santiago* proffer. *See United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). The government objects to the motion and states, at this time, it does not anticipate introducing any co-conspirator statements at trial. Statements of co-conspirators are admissible if the government convinces the court, as a preliminary matter and by a preponderance of the evidence, that (1) a conspiracy existed; (2) that the defendant and declarant were members thereof; and (3) that the proffered statements were made during the course of and in furtherance of the

conspiracy. *Id.* at 1134-35; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1994). In *Cox*, the court set forth several procedures a court could employ in making the admissibility determinations, such as requiring the government to file a proffer before trial; conducting a hearing on the matter; or in the absence of a pretrial proffer, the court may conditionally admit testimony subject to the government's eventual proof of the three foundational elements noted above. *See Cox*, 923 F.2d at 526.

It is long-standing practice in this District to conditionally admit statements of alleged co-conspirators subject to the government showing that the statements are admissible in accordance with the *Santiago* factors. *See, e.g.*, *United States v. Arms*, No. 14-CR-78, 2015 WL 3513991, *17 (E.D. Wis. June 3, 2015); *United States v. Avila-Rodriguez*, No. 10-CR-163, 2011 WL 13330770, *6 (E.D. Wis. Feb. 16, 2011) (collecting cases); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881, *3 (E.D. Wis. Apr. 10, 2010) (same); *United States v. Kaffo*, No. 09-CR-256, 2009 WL 5197826, *2 (E.D. Wis. Dec. 22, 2009) (same). Judge Pepper may wish to discuss this motion and her procedures for resolving the same with counsel at the final pretrial conference. For this reason, I defer entirely to Judge Pepper on this issue.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' Motions for Early Disclosure of Certain Evidence (Docket # 46 and Docket # 49) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the defendants' Motions for Early Disclosure of Summary Evidence (Docket # 47 and Docket # 50) are **GRANTED IN PART AND DENIED IN PART**.

**FINALLY, IT IS ORDERED** that defendants' motions for a *Santiago* proffer (Docket # 48 and Docket # 51) are deferred to Judge Pepper.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 27ᵗʰ day of July, 2018.

BY THE COURT

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge