UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 17-cr-191-pp

STEPHEN LEWIS, THERESA LEWIS,
and DEMETRA Q. HINKLE,

        Defendants.

---

**ORDER DENYING GOVERNMENT'S MOTIONS FOR RECONSIDERATION (DKT. NOS. 83, 87)**

---

The government asks this court to reconsider its May 15, 2019 order remanding the case to Magistrate Judge Nancy Joseph to hold a <u>Franks</u> hearing. Dkt. Nos. 83, 87.[1] The defendants opposed the motion. Dkt. No. 88. The government did not file a reply within the five days provided by Criminal Local Rule 12(b)(3); it filed its reply brief on June 14, 2019—within seven days of the defendants' response. The court has considered all briefs, including the government's reply brief, and denies the motion.

**I.    Standard for Motions to Reconsider**

The government does not cite a rule under which the court should consider its motion. Perhaps this is because "[n]one of the Rules of Criminal

---

[1] The government filed its first motion to reconsider on May 29, 2019 (dkt. no. 83); later that day, it filed a second motion (dkt. no. 87). The second motion clarified that the first motion inadvertently had failed to include defendant Demetra Q. Hinkle. The second motion indicated that the government wished the court to reconsider its order as to both Stephen Lewis *and* Demetra Q. Hinkle. Otherwise, the contents of the motions are identical.

1

Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59[.]" United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). Nonetheless, motions to reconsider "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure[;]" "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." Id. (citing United States v. Healy, 376 U.S. 75, 84 (1964)).

Like the criminal rules, "the Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, 2010 WL 1541343 at *2 (E.D. Wis., April 10, 2010). There are several rules and standards that allow a court to reconsider a prior order or judgment; which of those rules or standards applies depends on the stage of the case, and the finality of the order or judgment.

Federal Rule of Civil Procedure 54(b) allows a court to revise an "order or other decision . . . that adjudicates fewer than all the . . . rights and liabilities of fewer than all the parties" but "does not end the action as to any of the claims or parties." Rule 59(e) allows a party to ask a court to alter or amend a judgment. Under Rule 60(b), a party may ask a court for relief from a "final judgment, order, or proceeding" under six specific circumstances. Finally, although the "law of the case" doctrine holds that "a court generally should not reopen issues decided in earlier stages of the same litigation," United States v. Harris, 531 F.3d 507, 513 (7th Cir. 2008) (citing Agostini v. Felton, 521 U.S.

2

203, 206 (1997)), the doctrine authorizes reconsideration of a previous ruling in the same litigation under certain circumstances.

Rule 59(e) allows a party to file a motion asking the court to alter or amend a judgment if the party files that motion "no later than 28 days after the entry of the judgment." Because this case has not proceeded beyond the pretrial motion stage, there is no "judgment" for this court to alter or amend. The Rule 59(e) standard does not apply.

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly-discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b), however, "is, 'by its terms[,] limited to "final" judgments or orders' and is 'inapplicable to interlocutory orders.'" Phillips v. Sheriff of Cook Cty., 828 F.3d 541, 559 (7th Cir. 2016) (quoting Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571 (7th Cir. 2006)) (additional citations omitted). See also, Malone v. Securitas Sec. Servs. USA, Inc., 669 F. App'x 788, 790 (7th Cir. 2016) (collecting cases in support of the proposition that a party may not use Rule 60(b) to request reconsideration of an order issued at any time prior to final judgment).

The court's May 15, 2019 order remanded the case to Judge Joseph for the purposes of holding a Franks hearing. It did not resolve the case. It was an interlocutory order, so the Rule 60(b) standard does not apply.

In Galvan v. Norberg, 678 F.3d 581, 587 (7th Cir. 2012), the Seventh Circuit explained that Rule 54(b) allows a court to review non-final orders "at

3

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The court will consider the plaintiffs' motion as a motion to reconsider a non-final order under the Rule 54(b) standard. In reconsidering a non-final order under Rule 54(b), several fellow district courts have concluded that the standard is the same as the standard courts apply in considering a motion to alter or amend a judgment under Rule 59(e). See, *e.g.*, Saccameno v. Ocwen Loan Servicing, LLC, Case No. 15-c-1164, 2018 WL 1240347 at *2 (N.D. Ill. Mar. 9, 2018); Katz-Crank v. Haskett, Case No. 13-cv-00159, 2014 WL 3507298 at *2 (S.D. Ind. July 14, 2014) (citation omitted); Morningware, Inc. v. Hearthware Home Products, Inc., Case No. 09 c 4348, 2011 WL 1376920 at *2 (N.D. Ill. April 12, 2011); Bilek v. American Home Mortg. Servicing, Case No. 07 c 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010); Woods v. Resnick, 725 F. Supp. 2d 809, 827-28 (W.D. Wis. 2010).

Motions to reconsider "are 'viewed with disfavor,' and they are granted 'only in the rarest of circumstances and where there is a compelling reason.'" Saccameno, 2018 WL 124037 at *2 (quoting United States v. Givens, No. 12 CR 421-1, 2016 WL 6892868, at *2 (N.D. Ill. Nov. 23, 2016)). Motions to reconsider under Rule 54(b) "serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Id. (quoting Hicks v. Midwest Transit, Inc., 531 F.3d 467, 474 (7th Cir. 2008)). See also, Katz-Crank, 2014 WL 3507298 at *2. "A 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Bilek, 2010 WL

4

3306912 at *1 (quoting <u>Oto v. Metropolitan Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." <u>Katz-Crank</u>, 2014 WL 3507298 at *2 (citation omitted). "[A] motion to reconsider is not an occasion to make new arguments." <u>Id.</u> (citing <u>In re Prince</u>, 85 F.3d 314, 324 (7th Cir. 1996)). "Motions for reconsideration in the district courts are generally disfavored because 'a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold.'" <u>Id.</u> (quoting <u>Burton v. McCormick</u>, No. 3:11-CV-026, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011)). Such a motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." <u>Woods</u>, 725 F.Supp. at 828 (quoting <u>United States v. Resnick</u>, 594 F.3d 562, 568 (7th Cir. 2010)).

## II.    The Parties' Arguments

The government asks this court to reconsider its May 15, 2019 decision holding that Judge Joseph clearly erred at the pre-<u>Franks</u> hearing she held on September 6, 2018. Dkt. No. 87 at 1. The government attaches the transcript from the September 6, 2018 hearing—a transcript that had not been available for this court to review at the time it issued its decision. Dkt. No. 87-1.

The government begins by asserting that until the hearing began, neither of the parties understood the purpose of the status conference or were

5

prepared to address specific evidence. Id. at 2. When the hearing began, Judge Joseph told the parties that she had scheduled the "status conference" because she had had some questions regarding the parties' arguments. Dkt. No. 87 at 4 (citing dkt. no. 87-1 at 4). She asked the parties to address paragraph seven of the search warrant affidavit, then asked the defendants to clarify their arguments. Id. The government asserts that defense counsel answered Judge Joseph by stating that "'the content of paragraph seven did not occur from his review of discovery.'" Id. (citing dkt. no. 87-1 at 6). The government argues that all it did was respond to that assertion by directing the court (and the defendants) to a letter that had been produced in discovery months before and which provided the factual basis for paragraph seven. Id. It says it offered the letter because it

> was attempting to explain its confusion in responding to the defendants' arguments, given that [their] statement that there was 'no basis' for the content of paragraph 7 is belied by the existence, production, and reliance by the defendants on the letter from the confidential source to case agents, which memorializes the statements made in paragraph 7 of the search warrant affidavit.

Id. at 4. The government argues that it did not raise the letter to explain away discrepancies in the search warrant affidavit, and insists that for that reason, this case is distinguishable from United States v. McMurtrey, 704 F.3d 502 (7th Cir. 2013). Id. at 4-5. The government contends that there is no basis for the defendants' assertion that the government cannot rebut their argument using a letter produced in discovery and referred to—though not attached to— the defendant's opening brief to Judge Joseph. Id. The government's reply brief also maintains that the prosecutor, as an officer of the court, simply offered the

6

letter to correct what the government characterizes as the defendant's "misrepresentation" to the court. The reply brief cites United States v. Fuller, 2019 WL 1822801 (6th Cir. Jan. 3, 2019), an unreported decision from outside of this circuit.

The government also maintains that any procedural error Judge Joseph may have committed during the hearing was harmless. It argues that even if Judge Joseph committed error, the remedy is not to require the parties to participate in a Franks hearing; instead, the court should analyze the defendants' Franks showing without the benefit of the letter. Id. at 7-8. As it did in its response to the defendants' objection to Judge Joseph's report and recommendation, the government argues that the defendants have not made the three-prong preliminary showing for a Franks hearing, asserting that (1) they failed to show that the warrant contained false information; (2) they failed to show that the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) they failed to show that the false information was necessary to find probable cause and issue the warrant. Id. at 7 (citing United States v. Whitley, 249 F.3d 614, 620 (7th Cir. 2001)). As for proposed next steps, the government asks the court to "reconsider its Order Remanding for a *Franks* Hearing and either deny the motion for a *Franks* hearing, or alternatively, remand to Judge Joseph to conduct an actual pre-*Franks* hearing or an evidentiary hearing on the motion to suppress." Id. at 9.

The defendants respond by stressing that the standards for reconsideration are exacting and that such motions are rarely granted. Dkt.

7

No. 88 at 1 (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). The defendants argue that the government cannot show that this court made any manifest errors of law, and opine that this court thoroughly discussed, considered and applied the reasoning in McMurtrey in ordering remand. Id. at 3. The defendants observe that much of the government's motion for reconsideration re-hashes the arguments from its opposition to their objection. Id. at 3-4.

Next, the defendants speculate that the government offered the transcript of the September 6 hearing "either (1) to show that the Court misunderstood what happened before Judge Joseph denied the Defendants' *Franks* motion or (2) to show that the transcript is newly-discovered evidence." Id. at 5. The defendants assert that if the government provided the transcript to show that this court misunderstood what happened before Judge Joseph denied the Franks motion, the transcript shows otherwise; they contend that "[t]he transcript proves that Judge Joseph allowed the Government to present evidence and arguments rebutting the assertions in the Defendants' *Franks* motion based on information outside the search warrant affidavit." Id. at 7. They argue that if the government attached the transcript as "newly discovered evidence," the transcript isn't "newly discovered;" the government had "nearly four months to order and incorporate the September 6th transcript into its January 4, 2019 response to the Defendant's objections." Id. at 7.

### III. Analysis

The court's forty-page May 15, 2019 order made the following conclusions about the September 6, 2018 hearing:

> . . . Judge Joseph committed clear error in allowing the government to explain away the discrepancies the defendants had identified in the motion to suppress without converting the September 6, 2018 hearing into a full-blown Franks evidentiary hearing. . . . The government seems to concede that it provided "the case agent's notes and the letter from the confidential source to the case agent" to Judge Joseph. Id. at 10. It argues, however, that it did not "present evidence" when it directed Judge Joseph's attention to the notes and the letter, because "no one was called to testify at the September 6, 2018 hearing." Id. The court is at a loss to understand how giving the court information that it did not have in order to rebut the defendants' allegations of false statements or omission does *not* constitute presenting evidence, whether the documents were presented through the testimony of a witness or just handed to the judge. The presentation of the notes and the letter appear to have been an attempt to "back up" one of Peskie's assertions in paragraph seven of the affidavit that the defendants alleged was false, misleading or incomplete. McMurtrey, Glover and Bell state that the purpose of a pre-Franks hearing is to allow a *defendant* to supplement the allegations in his original motion when his written request for a Franks hearing does not make the "relatively difficult" preliminary showing required. The purpose is *not* to allow the government to present evidence to rebut the assertions the defendant made in the request; that is what the Franks hearing itself is for. By allowing the government to present evidence and arguments rebutting the assertions in the defendants' request, Judge Joseph did what McMurtrey says a district court cannot do.
>
> 2. *Harmless error*
>
> The government argues that even if Judge Joseph committed a procedural error, that error was harmless because the defendants "failed to make the requisite 'substantial preliminary showing' to obtain a *Franks* hearing." Id. It argues that the McMurtrey trial court's restrictions on the defendant's ability to cross-examine the search warrant affiant were impermissible because the defendant had made a showing sufficient to warrant a full Franks hearing; it argues that here, the defendants did not make a sufficient showing to warrant a full Franks hearing, so the fact that Judge Joseph did

9

> not give the defendants the opportunity to litigate the agent notes and the letter was harmless. Id. at 10-11. This is a circular argument.
>
> The McMurtrey court pointed out that if a "defendant's initial *Franks* motion does not make the required 'substantial preliminary showing,' the court need not hold a pre-*Franks* hearing to provide the defendant a further opportunity to do so." McMurtrey, 704 F.3d at 505. It appears that in this case, Judge Joseph had questions about whether the defendants' initial Franks motion made the required substantial preliminary showing, because she scheduled an attorneys-only status hearing for the stated purpose of gathering more information about the defendants' request for a Franks hearing. If Judge Joseph had read the defendants' request for a Franks hearing and concluded that it did not make the requisite preliminary showing on its face, she could have denied the motion and moved on to the suppression motion. Rather than denying the motion, she scheduled the hearing, asking for more information. That implies she did not conclude that, on its face, the request for a Franks hearing failed to make the requisite showing. Given that, Judge Joseph had the discretion to give *the defendants* the opportunity to supplement their motion, but not to allow the government to make arguments based on information outside the four corners of the affidavit.
>
> Because the court cannot conclude that Judge Joseph's error was harmless, the court will vacate the order denying the defendants' motion for a Franks hearing and remand the case to Judge Joseph to conduct that hearing. As far as this court can tell, that is the remedy for allowing the government to rebut the allegations in the defendants' request without expanding the status conference into a full evidentiary hearing.

Dkt. No. 80 at 37-38.

In asking the court to reconsider those conclusions, the government argues the court committed manifest error in two ways: (1) it erroneously concluded that the September 6, 2018 hearing was a "pre-Franks hearing" and the government did nothing wrong by offering a letter from discovery; and (2) even if the court is correct that there was error, any error was harmless because even without an explanation of the source of the information in

10

paragraph seven, the defendants had not made the showing necessary to warrant a Franks hearing. Dkt. No. 89 at Given these arguments, the court understands the government to be offering the transcript of the September 6, 2018 hearing to show the court that it misapprehended the purpose of the September 6, 2018 hearing and what happened at that hearing.

The government has not presented any evidence or argument convincing this court that it committed a manifest error of law or fact, or that there is any other reason that justifies the relief the government has requested. The court understands that Judge Joseph did not calendar or notice the hearing as a "pre-Franks" hearing. The court understands that the parties were not prepared to address specific evidence. The court understands the government's urge to rebut the defendants' assertions with evidence that it believes undermines those assertions. None of those facts mandate a conclusion that the hearing did not end up functioning as a "pre-Franks" hearing. The government's assertion that it did nothing "wrong" in offering the supplemental letter is explicitly addressed in McMurtrey's discussion of the risks that accompany a pre-Franks hearing:

> A district court that is in doubt about whether to hold a *Franks* hearing has discretion to hold a so-called "pre-*Franks*" hearing to give the defendant an opportunity to supplement or elaborate on the original motion. Though permissible, **this procedural improvisation is not without risk**, as the sparse case law indicates. **In such a pre-*Franks* hearing, the natural temptation for the court will be to invite and consider a response from the government**. However, the court should not give the government an opportunity to present its evidence on the validity of the warrant without converting the hearing into a full evidentiary *Franks* hearing, including full cross-examination of government witnesses. We emphasize that the option to hold such a limited pre-*Franks*

11

> hearing belongs to the district court, not the defendant. If the defendant's initial *Franks* motion does not make the required 'substantial preliminary showing,' the court need not hold a pre-*Franks* hearing to provide the defendant a further opportunity to do so.

McMurtrey, 704 F.3d at 504-05 (emphasis added). See also, Haakenstad v. Symdon, No. 16-CV-702-JDP, 2017 WL 6734191, at *2 (W.D. Wis. Dec. 29, 2017) ("But during this pre-*Franks* hearing, if the government presents evidence to reinforce the validity of the challenged affidavit, then the presiding judge must convert the pre-*Franks* hearing into a full *Franks* hearing and give the defendant an opportunity to rebut the government's evidence. *Id.* at 504–05, 509–10.").

The case the government cited in its reply brief, United States v. Fuller, is not binding on this court, and a court's refusal to follow a case from another circuit does not qualify as a manifest error of law. In any event, Fuller's discussion of McMurtrey contained the explicit proviso that the Sixth Circuit "ha[d] not addressed whether a district court errs in considering evidence submitted by the government to make the threshold determination of a defendant's entitlement to a *Franks* hearing." Fuller, 2019 WL 1822801, at *3. McMurtrey binds this court and this court has read McMurtrey to hold that a district court errs by considering evidence from the government in deciding whether to hold a Franks hearing.

Perhaps Judge Joseph did not intend the September 6, 2018 hearing to be anything more than an opportunity for her to ask the parties some clarification questions. Even if that was her intent, the hearing—at which the
12

parties discussed the defendants' motion for a Franks hearing, and the government presented evidence outside the four corners of the search warrant, before Judge Joseph decided whether to grant the defendants' motion for a Franks hearing—was a pre-Franks hearing with the attendant risks discussed in McMurtrey.

The government asserts that even if the September 2018 hearing constituted a pre-Franks hearing, this court should not have remanded to Judge Joseph with the order that she conduct a Franks hearing. It says this court either should rule on the request for a Franks hearing itself (without reference to the letter produced in discovery), or remand to Judge Joseph to either conduct a pre-Franks hearing or to conduct an evidentiary hearing on the motion to suppress. The government points to the line from McMurtrey where the Seventh Circuit said that

> [o]nce the government's new evidence to explain the contradictions is removed from consideration, we are persuaded that McMurtey made a substantial preliminary showing that the search warrant for 1514 West Aiken was obtained on the basis of deliberately or recklessly false information and/or material omissions.

McMurtrey, 704 F.3d at 511. The government relies on this language to assert that this court should have analyzed whether the defendants had met their burden for a Franks hearing without the benefit of the government's supplemental letter. But the government made that argument to the court in its response opposing the objections to Judge Joseph's order. Dkt. No. 75 at 10-11 (stating "[a]nd even assuming, *arguendo*, that there was any error, it was harmless because the defendants failed to make the requisite 'substantial

13

preliminary showing' to obtain a *Franks* hearing. For those reasons, the defendants' reliance upon *McMurtrey* is misplaced'" and discussing the fact of McMurtrey). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments[.]" Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). The court addressed this argument in the "harmless error" section of its May 15, 2019 order. The government has not identified any authority showing that this court made a manifest error of law in remanding the case to Judge Joseph for a Franks hearing.

**IV. Conclusion**

The court **DENIES** the government's motions for reconsideration. Dkt. Nos. 83, 87.

Dated in Milwaukee, Wisconsin this 11th day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**